*FERNANDEZ vs. SILVA & AL.*

The master of a vessel who refuses to deliver goods, on other grounds than the non-payment of freight cannot avail himself of the want of a tender.

A shipper cannot be affected by the master, taking on board other goods, the landing of which would expose the vessel to seizure and condemnation.

Eastern District.
*May*, 1830.

FERNANDEZ
*vs.*
SILVA & AL.

APPEAL from the court of the parish and city of New Orleans.

The plaintiff shipped on board the schooner Voluntario, bound from Havana to Tampico, a quantity of goods, to be delivered there upon the arrival of the vessel. At the time of the shipment it was known to both parties that Tampico was in possession of the Spanish troops, but upon the arrival of the schooner off the bar of Tampico, it was ascertained that the place had been retaken by the Mexicans, and that the Spanish army was prisoners. Not daring to enter, the captain called a consultation of the freighters and passengers, when it was determined by a majority to proceed to New-Orleans. Upon the arrival of the vessel at the latter port, it was discovered that certain articles on board could not be landed without subjecting the vessel to seizure and condemnation. The plaintiff demanded his goods, and upon the captain refusing to deliver them, this suit was brought for damages. There was judgment for the plaintiff and the defendants appealed.

*Dennis*, for appellant, contended:

1. The defendants are not liable to be sued in the manner and form as stated in the peti-

tion, because the violation, if any, is merely a passive one, and occasioned by irresistible force. C. C. 1925, 1926, 1927, 1904, 1905, 1906, 1907 and 3213.

2. The freight could not be delivered, as the same would have been forfeited to the United States, with the vessel.

3. Demand of the same has never been made according to the laws of the land.

*Pitot*, for appellee.

PORTER, J. delivered the opinion of the court. During the late invasion of Mexico, from the Island of Cuba, the plaintiff, with several others, shipped goods at Havana on board a schooner, to be landed at Tampico. Arrived off the harbor of the latter place, they found the town in possession of the Mexicans, and the Spanish army prisoners. Not daring to land, the captain called the freighters and passengers on board to a consultation as to the best course to be pursued with the vessel. A majority of the passengers voted in favor of coming to New-Orleans instead of returning to Havana; upon which the captain bore away for this port.

Arrived here, it was discovered that a part of the cargo, composed of rum, had been shipped in casks, which could not be landed in the United States without exposing the vessel and goods to seizure and condemnation. The plaintiff demanded his goods, and the captain refusing to deliver them, in consequence of the penalty to which he was exposed if he landed any part of his cargo, this action was brought, in which damages are demanded for the detention of the property.

The captain pleaded the general issue, and the owner in his answer denied any agreement on his part to land the goods in this port, though he acknowledged he was ready to do so if the laws of the United States permitted him. He averred further, that he had put in here in distress for want of water and provisions on his way back to Havana.

The answer concludes by an averment, that the defendant, in consequence of this suit, and the illegal sequestration of his vessel, has suffered damages to the amount of three thousand dollars, for which he sues in reconvention.

The court below gave judgment in favor of the plaintiff, for seven hundred and two dollars and the defendant appealed.

The first point made in this court is, that the suit is prematurely brought for damages, the defendants not having been put *en demeure* previous thereto.

The 1905 article of the *Lonisiana Code*, provides as a means of putting a debtor in default, a demand in writing, or a verbal requisition in the presence of two witnesses or by the protest of a notary public. The evidence shows a compliance with these requisitions, and we are therefore of opinion this objection cannot be maintained.

The next ground of defence is, that by the 3213 article of our Code, the captain has a right to retain goods until the freight is paid or secured, and that neither was done, nor offered to be done by the plaintiff.

This article of the Code does not make a tender of money, or of security for freight, indispensable to a legal demand for the goods, or to a maintenance of an action for their non-delivery. It affords the captain or owner of a vessel a protection of which he may avail himself if he thinks proper, or

Eastern District.
*May*, 1830.

FERNANDEZ
*vs.*
SILVA & AL.

The master of a vessel, who refuses to deliver goods on other grounds than the non-payment of freight, cannot avail himself of the want of a tender.

which he may waive if he choose. If when the property is demanded, he places his refusal wholly distinct from the want of security for, or payment of the freight, he impliedly abandons all objection on that score. The tender in this case would have been entirely useless, as the difficulty which induced the captain and owner to refuse th delivery would have still existed, though the shipper had offered to pay the freight.

On the merits, it appears by an averment in the petition, that when it was found the vessel could not enter into Tampico, it was agreed by the freighters and the captain, that the voyage should be changed, and that they would proceed to New-Orleans. The cause, therefore, must be considered in the same light as if the original destination of the vessel had been here: and our enquiry, is what would be the rights of the parties in such an hypothesis. And we apprehend that the contract of affreightment is not destroyed by the captain taking other goods on board, which exposes his

A shipper cannot be affected by the master taking on board other goods, the landing of which could expose the

vessel to seizure and condemnation. The shipper of goods, which could legally enter the port of destination, cannot be affected by other goods being on board, which ex-

poses the owner of the vessel to hazard and loss if he complies with his contract.   His is the fault, and he must bear the consequences.

It is is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.