Simon, J.
This suit is brought upon a promissory note, made payable to the order of one Justin Normand, and transferred by him after maturity to Taylor & Swayze.
The defendant first pleads the general issue, and denies specially, that the plaintiff is the bona fide holder, or owner of said note for a valuable consideration. He further alleges divers matters in avoidance of the plaintiff’s right of recovery, pretends that it was transferred for the purpose of depriving him, defendant, and the forced heirs of the maker of the note, of a substantial and good defence against the same; and states the grounds upon which his defence is based.
There was judgment below in favor of the plaintiff, and the defendant appealed.
Our attention has been first called to the manner in which this suit was instituted, and to the endorsement on the note, purport *241 ing to be a transfer thereof to Taylor & Swayze, whilst the suit is in the name of Henderson Taylor; and it has been contended, that as it is not alleged, and no evidence has been produced to show that the transferrors have ever transferred their right to the plaintiff, said plaintiff, from his own showing, has no title thereto, so as to claim its amount in his own private name.
The petition states, that the note sued on ivas transferred by the payee to the petitioner; and said note, introduced in evidence, together with the transfer written on its back, to establish the debt, and the plaintiff’s title thereto, proves the fact that it belongs to Taylor & Swayze, by whom, nothing shows, it ever was transferred to the plaintiff. The transfer exhibited by the production of the endorsement, was thus made to two persons, who became the creditors jointly of the maker of said note ; and it is clear, that one of them has no right to sue for and recover the whole amount thereof, without alleging, and being able and prepared to show, that the interest of his co-obligee has been transferred to him.
But it has been urged, that the petition being signed by Taylor & Swayze, who are partners, in the practice of the law, and to whom the note was apparently transferred, this may be considered as a recognition of the plaintiff’s right, on the part of Swayze, and as conclusive proof that the title to the note is in his partner, Taylor, and that he has no interest in it. This might be true, if it was shown that the signature to the petition is in the handwriting of Swayze, for,'then, although it is signed in the name of the firm as attorneys “/or plaintiff,” he, Swayze, might be, perhaps, precluded thereby from gainsaying the allegations contained in the petition. But we cannot presume that the petition is signed by Swayze, when the suit is brought by Taylor; and it is obvious that such presumption, which could always be rebutted by direct proof, would be insufficient to divest Swayze of his interest in a note transferred to him jointly with Taylor. If he has really transferred his interest to his partner, the fact should have been alleged and proved; but as the case stands, Taylor’s title, under the evidence, being only to one-half of the note ; and said note having been declared upon *242 as transferred to the petitioner, it is clear, on the one hand, that the probata do not agree with the allegata, and on the other, that the judgment rendered in this case, at the suit of the plaintiff, would not be res judicata against his co-obligee.
Taylor and Swayze, for the plaintiff.
Cushman and .Edelen, for the appellant.
We think, however, that, although it is not possible for us to pronounce on the merits of this cause in its actual state, because the plaintiff has failed to allege and prove the transfer of his partner’s interest to him, the fact of said plaintiff’s being entitled, on the face of the transfer, to claim one-half of the note sued on, and the circumstance of the signature of the petition being in the name of both, are sufficient to make us abstain from dismissing the action ; and, we think, that the end of justice will be more properly attained by our remanding the cause to the lower court for a new trial, so as to afford the plaintiff an opportunity of proving that the signature to the petition is in the handwriting of Swayze ; or of amending his said petition, so as to allege and prove that the interest of the latter has been transferred to him. The court below, thought, that the allegations and proof were sufficient, and the plaintiff may have been thereby led into the error that he could recover without alleging or proving a transfer to him, on the presumption arising from the signature of the professional firm to the petition. Code of Pract. art. 906. 8 Mart. N. S. 328. 1 La. 269. 3 Ibid. 341. 13 Ibid. 186. 15 Ibid. 208, 231. 18 Ibid. 320. We are, therefore, of opinion that this is a proper case to authorize us to exercise our legal discretion.
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be annulled and reversed, and that this cause be remanded to the lower court for a new trial, for the purposes, set forth in this opinion; the plaintiff and appellee paying the, costs of this appeal.